UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SERAFIN ZAMBADA-ORTIZ,<br><br>　　　　　　Defendant. | Case No.  13cr3575-DMS<br><br>ORDER OF CRIMINAL FORFEITURE |

　　　　WHEREAS, in the Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in property and proceeds of the above-named Defendant, SERAFIN ZAMBADA-ORTIZ ("Defendant"), pursuant to Title 21, United States Code, Section 853 as property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of the felony offense alleged in the Indictment, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in the Indictment; and

　　　　WHEREAS, on or about September 26, 2014, Defendant pled guilty to a one-count Superseding Information, which plea included a consent to the forfeiture allegations of the Indictment and an agreement to entry of a $250,000.00 judgment against the Defendant in favor of the United States; and

//

WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and guilty plea, the Court determined that $250,000.00 (U.S. dollars) represents the drug proceeds the Defendant obtained directly or indirectly as a result of the violation of Title 21, United States Code, Sections 952, 960 and 963, as charged in the Indictment and Superseding Information; and

WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to an Order of Forfeiture and a judgment in its favor against the Defendant in the amount of $250,000.00, pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus in that the $250,000.00 is a substitute asset for narcotics proceeds the Defendant actually or indirectly received from the offense; and

WHEREAS, Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;" and

WHEREAS, on December 29, 2014, the United States received a cashier's check from Defendant in the amount of $250,000.00 in full satisfaction of the money judgment; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    Defendant SERAFIN ZAMBADA-ORTIZ has remitted to the United States the sum of $250,000.00 in full satisfaction of the money judgment herein pursuant to Title 21, United States Code, Section 853; and

2.    Judgment is hereby entered in favor of the United States against Defendant SERAFIN ZAMBADA-ORTIZ in the amount of $250,000.00, which has been received and is hereby forfeited to the United States; and

- 2 -                                                                    13cr3575

Case 3:13-cr-03575-DMS   Document 43   Filed 01/21/15   PageID.123   Page 2 of 3

WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and guilty plea, the Court determined that $250,000.00 (U.S. dollars) represents the drug proceeds the Defendant obtained directly or indirectly as a result of the violation of Title 21, United States Code, Sections 952, 960 and 963, as charged in the Indictment and Superseding Information; and

WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to an Order of Forfeiture and a judgment in its favor against the Defendant in the amount of $250,000.00, pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus in that the $250,000.00 is a substitute asset for narcotics proceeds the Defendant actually or indirectly received from the offense; and

WHEREAS, Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;" and

WHEREAS, on December 29, 2014, the United States received a cashier's check from Defendant in the amount of $250,000.00 in full satisfaction of the money judgment; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    Defendant SERAFIN ZAMBADA-ORTIZ has remitted to the United States the sum of $250,000.00 in full satisfaction of the money judgment herein pursuant to Title 21, United States Code, Section 853; and

2.    Judgment is hereby entered in favor of the United States against Defendant SERAFIN ZAMBADA-ORTIZ in the amount of $250,000.00, which has been received and is hereby forfeited to the United States; and

- 2 -                                                                    13cr3575

3. Pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

IT IS SO ORDERED.

DATED: January 21, 2015

DANA M. SABRAW, Judge
United States District Court