UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA


BEFORE HONORABLE DANA M. SABRAW, JUDGE PRESIDING

_____
                                  )
UNITED STATES OF AMERICA,         )
           PLAINTIFF.             )   CASE NO. 13CR3575-DMS
                                  )
                                  )   SAN DIEGO, CALIFORNIA
                                  )   WEDNESDAY, MARCH 21, 2018
SERAFIN ZAMBADA-ORTIZ,            )      9:30 A.M. CALENDAR
           DEFENDANT.             )
_____ )

REPORTER'S TRANSCRIPT OF PROCEEDINGS

SENTENCING HEARING

COUNSEL APPEARING:
FOR PLAINTIFF:            ADAM L. BRAVERMAN,
                         INTERIM UNITED STATES ATTORNEY
                         BY:  MATTHEW JAMES SUTTON
                         ASSISTANT U.S. ATTORNEY
                         880 FRONT STREET
                         SAN DIEGO, CALIFORNIA 92101

FOR DEFENDANT:           SAJI VETTIYIL, ESQ.
                         ROBERT MONTIEL,ESQ.
                         571 NORTH GRAND AVENUE
                         NOGALES, ARIZONA 85621

                         MICHAEL MCDONNELL, ESQ.
                         418 EAST LA HABRA BOULEVARD
                         LA HABRA, CALIFORNIA 90631


INTERPRETER:             LETTY LEWIS


          REPORTED BY:         LEE ANN PENCE
                               OFFICIAL COURT REPORTER
                               UNITED STATES COURTHOUSE
                               333 WEST BROADWAY ROOM 1393
                               SAN DIEGO, CALIFORNIA 92101

1    SAN DIEGO, CALIFORNIA — WEDNESDAY, MARCH 21, 2018 — 9:30 A.M.

2                            *   *   *

3            THE CLERK:  NO. 1 ON CALENDAR, CASE NO. 13CR3575,

4    UNITED STATES OF AMERICA VERSUS SERAFIN ZAMBADA-ORTIZ; ON FOR

5    SENTENCE WITH PROBATION OFFICE REPORT.

6            MR. SUTTON:  GOOD MORNING, YOUR HONOR.  MATTHEW

7    SUTTON ON BEHALF OF THE UNITED STATES.

8            THE COURT:  GOOD MORNING.

9            GOOD MORNING.

10           MR. ZAMBADA-ORTIZ IS PRESENT, BEING ASSISTED.

11           MR. VETTIYIL:  GOOD MORNING, JUDGE.

12           THE COURT:  GOOD MORNING.

13           YOU HAVE REVIEWED THE PRESENCE REPORT WITH YOUR

14   CLIENT?

15           MR. VETTIYIL:  YES, I HAVE, JUDGE.

16           THE COURT:  I HAVE REVIEWED THE P.S.R., GOVERNMENT

17   SENTENCING SUMMARY CHART AND SENTENCING MEMORANDUM,

18   DEFENDANT'S SENTENCING MEMORANDA, EXHIBITS.  ALL OF THE

19   LETTERS, THERE WERE ABOUT 60 OF THEM, AND THE OTHER

20   DOCUMENTATION SUBMITTED ALONG WITH THE DEFENDANT'S SENTENCING

21   MEMORANDUM.  I HAVE CONSIDERED CAREFULLY ALL OF THE PARTIES'

22   SUBMISSIONS.

23           IT IS AN UNUSUAL CASE WITH A JOINT RECOMMENDATION AT

24   66 MONTHS.  AND I HAVE JUST A COUPLE OF CLARIFYING QUESTIONS

25   BEFORE I PROVIDE A TENTATIVE.


                        MARCH 21, 2

3

1    FIRST, THE BASE OFFENSE LEVEL IN THE PLEA AGREEMENT

2  IS SET OUT AT A LEVEL 36.  THE P.S.R. IDENTIFIES A BASE

3  OFFENSE LEVEL OF 34, GIVEN THE PLEA TO A CONSPIRACY TO

4  DISTRIBUTE OVER 100 KILOGRAMS OF COCAINE AND 1,000 KILOGRAMS

5  OF MARIJUANA.

6    AND IT IS MY UNDERSTANDING THAT THE PARTIES REACHED

7  A BASE OFFENSE LEVEL 36 BASED IN PART ON THE FACT THAT THE

8  LOAD THAT IS THE SUBJECT OF THE CONSPIRACY OR THE INTERCEPTED

9  CALL CONTAINED NOT ONLY COCAINE BUT METHAMPHETAMINE.  THE

10  METHAMPHETAMINE IS ATTRIBUTED TO THE CO-CONSPIRATOR, NOT SO

11  MUCH SO FOR MR. ZAMBADA-ORTIZ.

12    **MR. SUTTON:**  THAT'S CORRECT, YOUR HONOR.

13    **MR. VETTIYIL:**  THAT IS CORRECT, JUDGE.

14    **THE COURT:**  SO IN LIGHT OF THAT THE PLEA AGREEMENT,

15  I THINK ON A PRINCIPLED BASIS, ASSIGNS A BASE OFFENSE LEVEL OF

16  36 RATHER THAN 34.

17    THE PLEA AGREEMENT ASSIGNS A PLUS 2 FOR AGGRAVATED

18  ROLE.  AND IT IS MY UNDERSTANDING, BASED ON THE SUBMISSION,

19  THAT THE PARTIES REACHED THAT DETERMINATION BASED ON

20  MR. ZAMBADA-ORTIZ'S INVOLVEMENT IN THE CONSPIRACY FOR A

21  RELATIVELY CONFINED PERIOD OF TIME, TWO TO THREE YEARS, AND

22  FOR A RELATIVELY DISCRETE AREA OF INVOLVEMENT, THAT IS AS THE

23  LEADER OR ORGANIZER OF A DISTRIBUTION CELL.

24    **MR. SUTTON:**  THAT IS CORRECT, YOUR HONOR.

25    **THE COURT:**  SO IN LIGHT OF THAT THE TENTATIVE WOULD


MARCH 21, 2

4

1  BE TO FOLLOW THE PLEA AGREEMENT, INCLUDING THE GUIDELINE

2  CALCULATIONS SET OUT THEREIN.  TO FURTHER FOLLOW THE

3  RECOMMENDATION OF THE PARTIES WITH RESPECT TO DEPARTURES AND

4  VARIANCES.  AND TO SENTENCE WITHIN THE RECAST GUIDELINE RANGE,

5  WHICH IS 63 TO 78 MONTHS, AND TO SENTENCE AT 66 MONTHS.

6            COUNSEL.

7            **MR. VETTIYIL:**  JUDGE, WITH THAT SAID, ALL I CAN SAY

8  TODAY, ON BEHALF OF MY CLIENT, IS HE IS EXTREMELY REMORSEFUL

9  AS TO WHAT HE DID.  HE JUST WANTS TO PUT HIS PAST BEHIND AND

10  TRY TO RAISE HIS TWO CHILDREN AS A SINGLE MAN.  THAT IS WHAT

11  HE WANTS TO DO, JUDGE.

12            AND HE APOLOGIZES TO THE COURT AND THE COMMUNITY, AS

13  WELL AS TO HIS FAMILY, FOR THE CONDUCT HE DID.

14            THAT'S ALL I HAVE TO ADD, JUDGE.

15            I ALSO SUBMIT AS TO MY PLEADINGS.

16            **THE COURT:**  YES.  THANK YOU.

17            SIR, DO YOU WISH TO SAY ANYTHING AT THIS TIME?

18            **DEFENDANT ZAMBADA-ORTIZ:**  (THROUGH INTERPRETER LETTY

19  LEWIS) OF COURSE I DO.

20            I APOLOGIZE TO THE SOCIETY AND TO MY FAMILY FOR WHAT

21  I HAVE DONE.  I AM VERY SORRY.  I WANT TO MOVE FORWARD SO I

22  CAN BE THERE WITH MY CHILDREN AND RAISE THEM IN THE BEST

23  MANNER POSSIBLE.

24            THANK YOU VERY MUCH.

25            **THE COURT:**  THANK YOU.  I APPRECIATE YOUR COMMENTS.


                         MARCH 21, 2

1          MR. SUTTON.

2          **MR. SUTTON:**  YOUR HONOR, THE UNITED STATES WOULD

3   SUBMIT ON ITS PLEADINGS, UNLESS THE COURT HAS ANY ADDITIONAL

4   QUESTIONS FOR THE UNITED STATES.

5          **THE COURT:**  ALL RIGHT.  I DO NOT.

6          I APPRECIATE ALL OF THE BRIEFING THAT WAS SUBMITTED.

7   IT IS VOLUMINOUS, AND IT CONTAINS A GREAT DEAL OF INFORMATION

8   THAT IS HELPFUL TO THE COURT IN ARRIVING AT A JUST AND FAIR

9   SENTENCE.

10         I WOULD START WITH A GUIDELINE CALCULATION.  FOR THE

11  REASONS I SET OUT AT THE INCEPTION OF THIS HEARING I WOULD

12  FIND THAT THE BASE OFFENSE LEVEL AT 36 IS THE APPROPRIATE BASE

13  OFFENSE LEVEL UNDER SECTION 2D1.1 GIVEN OVER 100 KILOS OF

14  COCAINE AND OVER 1,000 KILOGRAMS OF MARIJUANA.  THAT IS THE

15  SCOPE OF THE CONSPIRACY.

16         THERE IS AN UPWARD ADJUSTMENT OF TWO LEVELS UNDER

17  SECTION 3B1.1C GIVEN THE AGGRAVATED ROLE, THAT IS AS A LEADER

18  OR AN ORGANIZER OF A DISTRIBUTION CELL.  THERE IS A DOWNWARD

19  ADJUSTMENT OF THREE LEVELS FOR ACCEPTANCE OF RESPONSIBILITY

20  WITH THE GOVERNMENT'S MOTION.  THE ADJUSTED OFFENSE LEVEL

21  BECOMES 35.  THE GUIDELINE RANGE, WITH A CRIMINAL HISTORY

22  CATEGORY I, SCORE ZERO, WOULD BE 168 TO 210 MONTHS.

23         THE PARTIES ARE ADVANCING A NINE-LEVEL DOWNWARD

24  DEPARTURE UNDER 5K AND OTHER SENTENCING DEPARTURES, INCLUDE

25  5K2.0 AS WELL AS VARIANCES UNDER 3553, WHICH I WILL ADDRESS IN


                        MARCH 21, 2

1    A MOMENT.  THAT NINE-LEVEL DEPARTURE OR VARIANCE I WOULD FIND
2    TO BE REASONABLE.  I WOULD FIND THAT ALL THE CRITERIA OF 5K
3    ARE MET AND WARRANTED.

4            THAT THEN PROVIDES A TOTAL ADJUSTED OFFENSE LEVEL OF
5    26, WITH A CRIMINAL HISTORY CATEGORY OF I THE GUIDELINE RANGE
6    IS 63 TO 78 MONTHS.  OBVIOUSLY A VERY FAVORABLE GUIDELINE
7    RANGE, COMING DOWN FROM AN OTHERWISE LOW END OF 168 MONTHS.

8            THERE IS ALSO A TEN-YEAR MINIMUM MANDATORY THAT WAS
9    TRIGGERED, AND SO THE JOINT RECOMMENDATION HERE IS OBVIOUSLY A
10   VERY FAVORABLE ONE TO YOU.  AND I AM PREPARED TO FOLLOW THAT
11   PLEA AGREEMENT, AND I WILL ADDRESS SOME OF THE SPECIFICS UNDER
12   3553.

13           THE NATURE AND THE CIRCUMSTANCES OF THE CRIME.  THEY
14   ARE VERY SIGNIFICANT.  YOU PLED GUILTY TO A CONSPIRACY TO
15   DISTRIBUTE COCAINE AND MARIJUANA.  THE PLEA AGREEMENT IS
16   CABINED OR LIMITED TO A DISCRETE PERIOD OF TIME, AND
17   APPROPRIATELY SO BECAUSE YOU WERE PICKED UP ON INTERCEPTED
18   WIRES IN MAY OF 2013 AND ARRESTED IN NOVEMBER OF 2013.  YOUR
19   ROLE IN THE CONSPIRACY, FROM THE GOVERNMENT'S PERSPECTIVE FROM
20   THE EVIDENCE THEY HAVE, IS RELATIVELY CONFINED TO A TWO OR
21   THREE-YEAR PERIOD OF TIME.  AND THAT IS THE FOCUS OF THE PLEA
22   AGREEMENT.

23           THE LOAD VEHICLE IN QUESTION THAT WAS INTERCEPTED AT
24   THE PORT OF ENTRY CONTAINED 5.9 KILOGRAMS OF COCAINE, 18
25   KILOGRAMS OF METHAMPHETAMINE.  BUT IT IS APPARENT THAT THE

MARCH 21, 2

1  CONSPIRACY AND THE DISTRIBUTION CELL THAT YOU WERE RUNNING WAS

2  FOCUSED ON THE COCAINE, AND A SEPARATE CONSPIRACY WITH A

3  SEPARATE CO-CONSPIRATOR INVOLVING DISTRIBUTION OF MARIJUANA,

4  SIGNIFICANT QUANTITIES.  THE CONSPIRACY INCLUDES DISTRIBUTION,

5  BRINGING OR IMPORTING THESE DRUGS FROM MEXICO INTO THE UNITED

6  STATES; INTO SAN DIEGO AND LOS ANGELES, SPECIFICALLY.

7            SO THE CRIME IS SIGNIFICANT, OBVIOUSLY, DESERVING OF

8  SIGNIFICANT PUNISHMENT, AND APPROPRIATELY TRIGGERING A

9  TEN-YEAR MINIMUM MANDATORY.

10           AS TO THE HISTORY AND CHARACTERISTICS ATTRIBUTED TO

11 YOU, YOU WERE VERY YOUNG AT THE TIME OF YOUR ARREST, JUST 23

12 YEARS OF AGE.  THERE IS NO QUESTION THAT YOU HAD A REMARKABLE

13 CHILDHOOD, AND YOU HAVE DESCRIBED IT WELL IN THE LETTERS THAT

14 YOU HAVE SUBMITTED TO THE COURT ABOUT ESSENTIALLY BEING RAISED

15 IN A GOLDEN CAGE.  YOU HAD A WORLD OF LUXURY AND ALL KINDS OF

16 THINGS PROVIDED TO YOU, BUT NO REAL ABILITY TO ENJOY THOSE OR

17 TO ENJOY LIFE BECAUSE YOU WERE IMMERSED IN THIS WORLD OF DRUG

18 TRAFFICKING.

19           YOUR CHILDHOOD IS REMARKABLE IN THE SENSE THAT YOU

20 WERE MOVED FREQUENTLY.  THE RECORD REVEALS YOU WERE IN

21 CULIACAN UNTIL AGE 12, THEN OFF TO ARIZONA FOR TWO YEARS.

22 THEN BACK TO CULIACAN FOR A YEAR, THEN BACK TO ARIZONA FOR A

23 COUPLE YEARS, THEN BACK TO CULIACAN.  AND THEN OFF TO CANADA

24 FOR A PERIOD OF TIME, AND THEN A RETURN TO CULIACAN WHEN YOU

25 WERE 19 OR 20 YEARS OF AGE.  AND IT IS AT THAT POINT THAT YOU

MARCH 21, 2

1  GOT INVOLVED IN THE TROUBLE, THE TROUBLE THAT LEADS YOU HERE
2  TODAY.

3         BUT DURING YOUR CHILDHOOD THE EVENTS THAT YOU WERE
4  SUBJECTED TO ARE UNIQUE IN THE VIOLENCE THAT YOU GREW UP
5  AROUND, AND THAT YOU WERE THE SUBJECT OF, TARGETED THOSE NEAR
6  AND DEAR TO YOU WHEN YOU WERE TWO YEARS OF AGE AND NINE YEARS
7  OF AGE.  A GREAT DEAL OF VIOLENCE THAT YOU WERE SUBJECTED TO,
8  WHICH CAUSED YOU TO MOVE FROM PLACE TO PLACE OVER THE YEARS.

9         AND YOU ARE FORTUNATE THAT YOU HAD A MOTHER THAT WAS
10 SO DEDICATED TO YOU, AND PROVIDED FOR YOU IN SO MANY
11 MEANINGFUL WAYS, INCLUDING YOUR SAFETY.

12         WHAT IS ALSO NOTABLE HERE IS THIS CONSPIRACY, THIS
13 CRIME TO WHICH YOU HAVE PLED GUILTY, IS NOT ONLY LIMITED IN
14 TIME -- AND IT APPEARS TO BE A TIME WHEN YOU WERE IN YOUR
15 EARLY 20'S -- BUT THERE IS NO INDICATION, NO EVIDENCE OF ANY
16 INVOLVEMENT ON YOUR PART IN ANY ACTS OF VIOLENCE.  IT APPEARS
17 TO BE A DISCRETE ROLE WITH RESPECT TO LEADERSHIP OF THIS
18 PARTICULAR DISTRIBUTION CELL.  AND SO WHILE YOU GREW UP IN THE
19 CARTEL ENVIRONMENT, THE EVENTS THAT BRING YOU HERE TODAY ARE
20 VERY LIMITED.  AND THAT'S IMPORTANT IN ARRIVING AT A JUST AND
21 FAIR SENTENCE.

22         IT IS ALSO APPARENT THAT THERE ARE MANY, MANY
23 EQUITIES HERE.  YOU ARE WELL-EDUCATED, JUST SHORT OF OBTAINING
24 A COLLEGE DEGREE.  ALL OF THE LETTERS SPEAK VERY WELL OF YOU
25 AS A PERSON WHO, ASIDE FROM THIS CRIMINAL ACTIVITY, YOU HAVE A

MARCH 21, 2

1  VERY GOOD SIDE.  YOU HAVE BEEN A GOOD LOYAL FRIEND, A GOOD

2  FATHER, GOOD TO YOUR FAMILY.  MANY, MANY FRIENDS DESCRIBING

3  YOU AS SOMEONE WHO IS VERY LIKABLE, HELPFUL, KIND.  YOU HAVE

4  NO UNDERLYING CRIMINAL HISTORY.

5        YOU HAVE A REAL DESIRE TO RETURN TO YOUR FAMILY,

6  RAISE YOUR CHILDREN.  ALL OF THE CONDUCT ATTRIBUTED TO YOU

7  DEMONSTRATES SIGNIFICANT ACCEPTANCE OF RESPONSIBILITY, GENUINE

8  REMORSE, AND A SIGNIFICANT POST-OFFENSE REHABILITATION.

9        THESE ARE ENORMOUS MITIGATING FACTORS, AND FOR ALL

10  OF THESE REASONS I ACCEPT THE JOINT RECOMMENDATION TO DEPART

11  NINE LEVELS TO EXTRICATE YOU FROM THE MINIMUM MANDATORY.  TO

12  FIND A GUIDELINE RANGE OF 63 TO 78 MONTHS, AND ULTIMATELY I AM

13  GOING TO IMPOSE A SENTENCE AS IS JOINTLY RECOMMENDED AT 66

14  MONTHS.  I THINK THAT IS THE RIGHT, JUST, AND FAIR SENTENCE

15  UNDER 3553.

16        IT IS CERTAINLY SUFFICIENT BUT NOT GREATER THAN

17  NECESSARY TO MEET ALL OF THE 3553 FACTORS, INCLUDING THE NEED

18  TO PUNISH THE INDIVIDUAL BEFORE THE COURT, DETER YOU AND

19  OTHERS, PROTECT SOCIETY, PROMOTE RESPECT FOR LAW, AND ACHIEVE

20  GOALS OF REHABILITATION.  AND PROVIDE A MEANINGFUL OPPORTUNITY

21  FOR YOU TO RECOGNIZE THE WRONG THAT YOU HAVE DONE, BUT TO ALSO

22  BE FREE FROM CUSTODY AND TO MOVE ON IN A PRODUCTIVE AND LAW

23  ABIDING MANNER.  AND I HAVE EVERY HOPE AND EXPECTATION THAT

24  YOU CAN DO THAT.

25        FOR ALL OF THESE REASONS IT WOULD BE THE JUDGMENT


MARCH 21, 2

1  AND SENTENCE OF THE COURT THAT YOU BE, AND HEREBY ARE,

2  SENTENCED TO A TERM OF CUSTODY WITH THE BUREAU OF PRISONS AT

3  66 MONTHS.

4          THE STATUTORY FINE WOULD BE WAIVED.  A SPECIAL

5  ASSESSMENT OF $100 WILL BE IMPOSED.

6          YOU HAVE ALSO DEMONSTRATED GENUINE REMORSE AND

7  ACCEPTANCE OF RESPONSIBILITY THROUGH THE FORFEITURE OF

8  $250,000 WHICH HAS BEEN PAID AND WHICH IS FAIRLY

9  REPRESENTATIVE OF THE DRUG PROCEEDS INVOLVED IN THIS

10  PARTICULAR CRIME.

11          UNDER ALL OF THESE CIRCUMSTANCES I WOULD DECLINE TO

12  IMPOSE SUPERVISED RELEASE, AS WELL.

13          BECAUSE YOU HAVE BEEN SENTENCED IN ACCORDANCE WITH

14  YOUR PLEA AGREEMENT YOU HAVE WAIVED ANY RIGHT TO APPEAL OR TO

15  LATER COLLATERALLY ATTACK THE SENTENCE AND JUDGMENT.

16          DO YOU UNDERSTAND?

17          **DEFENDANT ZAMBADA-ORTIZ:**  YES.

18          **THE COURT:**  AND, WITH THAT, HAVE WE ADDRESSED ALL

19  MATTERS?

20          **MR. VETTIYIL:**  YES, WE HAVE JUDGE.  THAT'S IT,

21  JUDGE.

22          **MR. SUTTON:**  YOUR HONOR, I WOULD JUST NOTE, AS YOU

23  DISCUSSED A FORFEITURE.  IF YOU COULD GRANT THE FORFEITURE

24  ORALLY AND INCLUDE IT IN THE JUDGMENT AND CONVICTION.  YOUR

25  HONOR SIGNED AN ORDER OF CRIMINAL FORFEITURE BACK ON

                    MARCH 21, 2

1   JANUARY 21ST, 2015.

2            AND THE UNITED STATES AT THIS POINT WOULD ALSO MOVE

3   TO DISMISS THE UNDERLYING INDICTMENT AGAINST THE DEFENDANT

4   BASED ON THE COURT'S SENTENCE.

5            **THE COURT:**  YES.  THAT MOTION WOULD BE GRANTED AND

6   THE FORFEITURE WOULD BE DECLARED AS PART AND PARCEL OF THE

7   JUDGMENT.

8            I DID SIGN THE FORFEITURE ON JANUARY 21, 2015.

9            THANK YOU.

10           GOOD LUCK TO YOU.

11           **MR. SUTTON:**  THANK YOU.

12           **THE COURT:**  YOU ARE WELCOME.

13           **DEFENDANT ZAMBADA-ORTIZ:**  THANK YOU VERY MUCH.

14

15                        *   *   *

16           I CERTIFY THAT THE FOREGOING IS A CORRECT
             TRANSCRIPT FROM THE RECORD OF PROCEEDINGS
17           IN THE ABOVE-ENTITLED MATTER.

18           S/LEEANN PENCE                    4/16/2018
             LEEANN PENCE, OFFICIAL COURT REPORTER   DATE

19

20

21

22

23

24

25

                        MARCH 21, 2